UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT S. LIPPERT,<br><br>    Petitioner,<br><br>  v.<br><br>JAY CHRISTENSEN,<br><br>    Respondent. | Case No. 1:19-cv-00463-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Robert S. Lippert has filed a Petition for Writ of Habeas Corpus challenging his 2006 Idaho state court conviction, in Clearwater County Case No. CR-2005-00561, for sexual abuse of a child under the age of sixteen. Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

1.  **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same 2006 conviction. *See Lippert v. Reinke*, Case No. 1:13-cv-00228-CWD (D. Idaho), at Dkt 3 (identifying his conviction in Clearwater County Case No. CR-2005-00531 as the challenged conviction). That habeas petition was denied with prejudice in 2015. *See id.* at Dkt. 26.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application."[1] *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted).

Here, Petitioner is challenging the same conviction that was adjudicated in the previous federal habeas corpus action, but he has not shown that he has received

---

[1] The United States Supreme Court has explained the criteria used to determine whether a petitioner may file a successive petition:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. [28 U.S.C.] § 2244(b)(1). And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

*Tyler v. Cain*, 533 U.S. 656, 661-62 (2001).

authorization from the United States Court of Appeals for the Ninth Circuit to file the successive petition. Therefore, the Petition in this case is subject to summary dismissal.

## ORDER

**IT IS ORDERED:**

1.    The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice as an unauthorized successive petition.

2.    Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is MOOT.

3.    The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: January 23, 2020

David C. Nye
Chief U.S. District Court Judge